SAMUEL M. KNIGHT *versus* ISAIAH FRANK.

It was not the intention of the Legislature that the provisions of § 2, c. 45, of the R. S. of 1857, should change those of 1841 and 1846, relating to usurious contracts; and if a plaintiff, before trial, voluntarily indorses upon his note the amount of usurious interest taken or retained, it will not be considered that " the damages are reduced by proof, either by the oath of the party or otherwise," so as to entitle the defendant to, or deprive the plaintiff of, costs.

EXCEPTIONS from the ruling of DAVIS, J.

This was an action brought upon a promissory note and submitted to the Court, without the intervention of a jury, reserving the right to except.

There was evidence tending to show that the sum of eight dollars and forty cents, included in the note, was for usurious interest. And the defendant testified, that that sum, which is indorsed on the note as paid on the day the note is dated, was not then or at any time since paid by him.

The indorsement of that sum upon the note was made by the plaintiff, before any evidence had been introduced, and before the writ was read at the trial or issue had been joined.

The defendant contended that he, and not the plaintiff, was entitled to costs. But the Court ruled that the plaintiff was entitled to judgment for the amount due upon the note,

Knight *v.* Frank.

(deducting the sum indorsed,) and for his costs.   The defend-
ant excepted.

*Fessenden & Butler*, for plaintiff.

*Vinton*, for defendant.

The opinion of the Court was drawn up by

APPLETON, J.—By R. S., 1841, c. 69, § 7, costs were deni-
ed the plaintiff and allowed the defendant, on usurious con-
tracts, " provided the *damages shall be reduced by the oath* of
any of the defendants, when there are more than one, by
reason of such usurious contract."

By the Act of July 22, 1846, c. 192, costs were denied the
plaintiff and allowed the defendant, in all usurious contracts,
" provided the damages shall be reduced by *proof* of such
usurious interest."   By this, it will be perceived, that the
*proof* of such usurious interest is not limited to that by the
oath of the party.

It has been judicially determined under each of these stat-
utes, that where the plaintiff voluntarily indorses upon his
contract the usurious interest taken and reserved, that the
defendant is not, and that the plaintiff is, entitled to costs.
*Cummings* v. *Blake*, 29 Maine, 105; *Hankerson* v. *Emery*,
37 Maine, 16; *Lumberman's Bank* v. *Bearce*, 41 Maine, 505.

It is provided by R. S., 1857, c. 45, § 2, that if, in any usuri-
ous contract, " the damages are *reduced by proof* of such ex-
cessive interest by *the oath of the party, or otherwise*, the plaintiff
shall recover no costs, but shall pay costs to the defendant."
The reduction of damages must be by proof.   It was, obvi-
ously, the intention of the Legislature ·to condense the pro-
visions of the Act of 1841 and of 1846, on this subject, into
one section, but not to change or alter the law.   Whenever
the plaintiff, therefore, voluntarily indorses upon his note the
amount of usurious interest before trial, the damages are not
reduced by proof, either by the oath of the party or otherwise,
and this section does not apply.       *Exceptions overruled.*

TENNEY, C. J., CUTTING, GOODENOW, DAVIS and KENT, JJ.,
concurred.